UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IN RE: Dale Broxson                                    CASE # 17-30132-KKS

        Debtor                                          CHAPTER 13

### FIRST AMENDED CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The debtor (or debtor's employer) shall pay to the Chapter 13 Trustee the sum of $570.00 MONTHLY, for 60 months. The Debtor shall pay to the Trustee the tax refunds for 3 years.

Total of base plan payments: $34,200.00

2. Plan Length: The term of the plan is for 60 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    (a) Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

    (b) Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

    (c) All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

    a. **Administrative Expenses / Priority Claims**

        (1) Trustee's Fee: Applicable fee in District

        (2) Filing Fee (unpaid portion): $0.00

        (3) Priority Claims under 11 U.S.C. § 507 Domestic Support Obligations

        (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

        (b) The names(s) and address(es) of the holder of any domestic support obligation are as follows (11 U.S.C. §§ 101(14A) and 1302(b)(6)):

        (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).
        **Creditor (Name and Address)**        **Estimated arrearage claim**

        (d) Pursuant to 11 U.S.C. §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.
        **Claimant**        **Proposed Treatment**

        (4) Attorney's Fee (unpaid portion): $4,000.00 and $600.00 in Costs

Pursuant to Standing Order of this Court, the Debtor's attorney may seek additional fees of $250.00 upon the filing of the required annual statement each year. If the Plan is modified due to an increase in income shown on

IN RE: Dale Broxson
FIRST AMENDED CHAPTER 13 PLAN
CASE # 17-30132-KKS

the annual statement, the Debtor's attorney may seek additional fees of $500.00. In either of these events, no further notice will be given to creditors.

If there are insufficient funds to pay all pre-confirmation fees in full upon confirmation, the Trustee shall pay regular mortgage payments first; pre-confirmation attorney's fees until same are paid in full; and then commence payments on any arrearages, other secured and/or priority claims.

(5) Other Priority Claims

| Creditor Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| | | |

b. **Secured Claims**

   (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

   (a) Secured Claim Subject to Valuation Under 11 U.S.C. § 506. Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

   | Name | Proposed Amount of Allowed Secured Claim | Interest Rate (If specified) |
   |---|---|---|
   | | | |

   (b) Secured Claims Not Subject to Valuation under 11 U.S.C. § 506. Each of the following claims shall be paid through the plan as set forth below until the amount of the claims as set forth below has been paid in full.

   | Name | Amount of Allowed Secured Claim | Interest Rate (If specified) |
   |---|---|---|
   | | | |

   (2) Secured Debts Which Will Extend Beyond the Length of the Plan

   | Name | Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
   |---|---|---|---|
   | | | | |

c. **Unsecured Claims**

   General Nonpriority Unsecured:
   Unsecured debts shall be paid approximately $ 1.00  paid pro rata.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Name | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION (HOME & LOT - 76 Chase Run, Miramar Beach, FL) | $24,000.00 | NONE |

6. The Debtor shall make regular payments directly to the following creditors:

| Creditor | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION (HOME & LOT - 76 Chase Run, Miramar Beach, FL) | $106,086.00 | CONTRACT AMOUNT | CONTRACT RATE |

7. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| | |

8. Property to Be Surrendered to Secured Creditor:

| Name | Amount of Claim | Description of Property |
|---|---|---|
| | | |

IN RE: Dale Broxson
FIRST AMENDED CHAPTER 13 PLAN
CASE # 17-30132-KKS

9. Title to the Debtor's property shall revest in Debtor on confirmation of a plan.

10. As used herein, the term "Debtor" shall include both debtors in a joint case.

11. Non-Standard Provisions (all non-standard provisions must be inserted in this paragraph).

**THE AUTOMATIC STAY TERMINATES UPON ENTRY OF THE ORDER CONFIRMING THE PLAN AS TO *IN REM* RIGHTS OF CREDITORS WHOSE SECURED CLAIMS ARE BEING PAID DIRECTLY BY THE DEBTOR(S).**

12. Other Provisions:

Unsecured claims shall be paid interest to the extent available, if any, not to exceed 6%.

I/We declare under penalty of perjury that the following is true and correct: I/We have not been convicted of a felony and are not a party to a pending proceeding in which we may be found guilty of a felony of any kind described in 11 U.S.C § 522(q)(1)(A) or found liable for a debt of the kind described in § 522(q)(1)(B).

The provisions of paragraph 3 are not intended to modify the rights of the holders of any mortgages on any real property owned by Debtor. The terms of all notes and mortgages on Debtor's real property shall remain in full force and effect.

**PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES.**

Pursuant to 11 U.S.C. § 521(f)(4)(B) and Standing Order of this Court, the required annual statement as described shall be filed.

DATED: 8/01/17

Debtor's Signature

Joint Debtor's Signature

Attorney for Debtor(s)

Mail Claims and Objections to Plan (with copy to Lewis & Jurnovoy, P.A., 1100 North Palafox St., Pensacola, FL 32501) to U.S. Bankruptcy Court, 110 East Park Avenue, Suite 100, Tallahassee, FL 32301.